The opinion of the Court was delivered by
G-lovjsr, J.
The argument for a new trial has been confined to the two first grounds of appeal. A conclusive answer to the third will be found in the case of Luny vs. Lockhart, (4 McC. 251).
1. It was contended that Mrs. Eaiford, the plaintiff’s wife, was his special agent when she took Mason to the defendant’s house, and that her declarations are admissible as a part of the res gestee and will bind the principal. Admissions by the plaintiff made at any time will generally be received; but the admissions or declarations of his agent must be confined to the act to be performed and while the agency continues. The agency of Mrs. Eaiford can only be implied from the fact that *371 sbe took Mason to tbe defendant’s bouse where be bas ever since remained, and tbe implication, therefore, restricts her authority to tbe single act of carrying. Tbe carrying of Mason is not a circumstance standing in such relation to tbe alleged gift as will explain its character or constitute a part of tbe res gesta. What sbe said to others on tbe wayside, qualifying what tbe law on delivery implies to be a gift, is extraneous and inadmissible. In an action for money paid as premium in effecting an insurance for tbe defendant, W. as tbe defendant’s agent requested an insurance and gave bis (W’s) own note to tbe plaintiff, and failed. Tbe plaintiff offered to prove tbe subsequent declarations of W, that tbe defendant would pay tbe debt. This was held inadmissible, because W. was agent to effect a policy, not to bind tbe defendant. (Millie vs. Patterson, 2 Wash. 0. C. B. 31). It was enough, perhaps, in this case that tbe declaration was not contemporaneous. Where tbe bolder of a check went into tbe bank, and when be came out said be bad demanded its payment and it was refused; it was held that tbe declaration was not admissible to prove a demand which, if made at all, was made in tbe bank and tbe conversation was with tbe witness after be bad left tbe bank and was returning. (Brown vs. Lusk, 4 Yerg. 210.) Mrs. Baiford’s declarations of what plaintiff said before sbe left borne were at a different time and not connected with tbe act of carrying which limited her agency, if any could be implied. No certain rule can be laid down, which, when applied to tbe circumstances, constituting tbe res gestae, will enable us to determine tbe admissibility of declarations. They must have relation to tbe act to be performed and be contemporaneous with it.
2. When tbe plaintiff sent Mason to bis daughter, tbe law implied a gift, and tbe declarations of tbe defendant’s wife, made during bis absence in Philadelphia and more than six months after bis possession commenced, were clearly inadmissible. Tbe rights of tbe defendant under tbe implication *372 of a gift, bad already attached, and wbat bis wife afterwards and in bis absence said was properly excluded. In tbis respect tbe principal case differs from tbe case of Lark vs. Cunningham, (7 Rich. 57). There tbe admissions of tbe wife were contemporaneous with tbe act and before any rights bad attached.
Motion dismissed.
Wardlaw, WhitNER and Mukro, JJ., concurred.